UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FORTUNE AVENUE, LLC,

        Plaintiff,

v.                                                Case No. 18-C-1362

HOWARD BEDFORD,

        Defendant.

**DECISION AND ORDER**

Plaintiff Fortune Avenue, LLC, sued Defendant Howard Bedford in state court for the amount allegedly due on a promissory note in the original amount of $350,000 payable to Fortune that Bedford executed on October 11, 2011. Bedford, a citizen of the State of Illinois, removed the case to federal court asserting jurisdiction under 28 U.S.C. § 1332. Fortune is a citizen of Wisconsin and Georgia, and thus the complete diversity necessary for federal jurisdiction under § 1332 exists. Before the court is Fortune's motion for summary judgment. For the reasons below, the motion will be denied.

**BACKGROUND**

On October 21, 2011, Bedford signed an unsecured Promissory Note, which was payable to Fortune in the amount of $350,000. *See* Janssen Aff., Ex. A, Dkt. No. 12-1. Bedford's decision to sign the Promissory Note was born out of a business deal with Ron Van Den Heuvel that had gone awry. In an effort to deal with troublesome creditors and to distance himself from the business deal, Bedford agreed to sign the Promissory Note, expecting it to be his final obligation to the Van Den Heuvel's. The Note provides for a variable interest rate, with a minimum interest rate of

no less than 5.5% until the Note's maturity date. In the event of default, the Note calls for an accelerated interest rate of 5%, and should any payments be delinquent, the Lender may collect a delinquency charge of 5% of the monthly unpaid amount. The Note explicitly states that the governing law of the Note shall be the laws of Wisconsin, except to the extent federal law may preempt Wisconsin law. Finally, the Note states, "This Note may not be supplemented or modified except in writing and signed by Maker and Lender." *Id.* at 3.

According to the parties, Bedford made five payments in 2012, amounting to $42,365.74. It is at this point that the parties dispute what happened next. Bedford alleges that, on December 5, 2012, he and David Van Den Heuvel, the Fortune representative collecting payments on the Note and the brother of Ron Van Den Heuvel, met at David Van Den Heuvel's office in De Pere, Wisconsin. Bedford claims David Van Den Heuvel told him not to worry about making any more payments pursuant to the Note because the Note was originally related to debts attributable to Ron, and that the debt was a family concern. Bedford asserts that he believed David Van Den Heuvel was speaking on behalf of Fortune, and that he no longer had any obligations under the Note. As such, Bedford stopped making payments on the Note.

Fortune, on the other hand, asserts that David Van Den Heuvel never told Bedford that the remaining debt on the Note was forgiven or waived, and that Bedford, based on the default interest rate and delinquency charges, now owes it $592,316.76. Between December 5, 2012, and January 18, 2017, there was no communication between the parties, and Bedford had made no payments on the Note. Fortune alleges that, on or about January 18, 2017, Jim Kellam, a Fortune representative, sent a letter with a renewal notice for the Note to Bedford. Bedford, however, does not acknowledge receipt of this notice, and instead asserts that the next communication he received

from Fortune was dated June 13, 2018, demanding that he make payments pursuant to the Note. Shortly thereafter, on July 17, 2018, Fortune filed this action.

## LEGAL STANDARD

Summary judgment is appropriate when the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences that favor them in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The principal issue of this motion for summary judgment is whether a written contract with a clause requiring amendments to be made in writing can be altered through an oral agreement. Bedford contends that David Van Den Heuvel, acting on behalf of Fortune, orally released him from his obligation to make further payments. Fortune, on the other hand, argues that, even if there were evidence of an oral agreement, aside from Bedford's self-serving statements, the oral agreement

3

would be invalid under Wis. Stat. § 403.604, Wisconsin's version of the Uniform Commercial Code (UCC). Section 403.604 provides:

> A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument by doing any of the following:
>
> (a) An intentional voluntary act, such as surrender of the instrument to the party, destruction, mutilation or cancellation of the instrument, cancellation or striking out of the party's signature or the addition of words to the instrument indicating discharge.
>
> (b) Agreeing not to sue or otherwise renouncing the rights against the party by a signed writing.

Wis. Stat. § 403.604(1).

Fortune asserts that Bedford cannot defeat its motion for summary judgment because he has not presented evidence of any intentional voluntary act by Fortune to satisfy the requirements for cancellation or discharge of the Note. Fortune notes that the Seventh Circuit has construed this provision of the UCC to require that cancellation of a note must be in writing. *SMS Demag Aktiengesellschaft v. Material Sciences Corp.*, 565 F.3d 365, 371 (7th Cir. 2009). But in addition to the fact that SMS involved Illinois law, the court's interpretation of the provision in *SMS* was dicta and thus not controlling here. By its terms, Wis. Stat. § 403.604 is a permissive statute and does not state that the discharge of a note be in writing, only that it may. In addition, when Chapter 403 is read in its entirety, it is evident that there are other ways to discharge the obligation of a party to pay a note. Wisconsin Statute section 403.601 states: "The obligation of a party to pay the instrument is discharged as stated in this chapter or by an act or agreement with the party which would discharge an obligation to pay money under a simple contract." § 403.601(1). In other words, notwithstanding the requirements of the UCC, the statute allows a promissory note to be discharged based on common law principles.

4

Though Fortune argues that Bedford's defense fails as a matter of law because the Promissory Note expressly states that it "may not be supplemented or modified except in writing and signed by Maker and Lender," Dkt. No. 1-1 at 13, the Wisconsin Supreme Court has long recognized that "[i]t is universally accepted that . . . [a] contract can be modified orally although it provides that it can be modified only in writing." *S & M Rotogravure Serv., Inc. v. Baer*, 77 Wis. 2d 454, 468, 252 N.W.2d 913 (1977) (citations omitted); *see also Royster-Clark, Inc. v. Olsen's Mill, Inc.*, 2006 WI 46, 290 Wis. 2d 264, 714 N.W.2d 530 (upholding circuit court's finding that fertilizer contract had been orally modified, entitling purchaser to a rebate in excess of amount owed on second contract); *GE Props., LLC v. Draggoo*, 2016 WI App 50, 370 Wis. 2d 261, 881 N.W.2d 359. "[T]here must be evidence in the record supporting the modification." *Dry Dock, L.L.C. v. Godfrey Conveyor Co., Inc.*, 717 F. Supp. 2d 825, 837 (W.D. Wis. 2010) (citation omitted). The Seventh Circuit has confirmed that this state of the law in Wisconsin. *See Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.*, 898 F.2d 512, 518 (7th Cir. 1990) ("It is clear under Wisconsin law that a written contract may be subsequently modified orally by the parties.").

Fortune contends that, aside from Bedford's own self-serving testimony, there is no evidence to support his defense in this case. The fact that Bedford's sworn statement is self-serving, however, does not mean it has no evidentiary value. "*Everything* a litigant says in support of a claim is self-serving, whether the statement comes in a complaint, an affidavit, a deposition, or a trial. Yet self-serving statements are not necessarily false; they may be put to the test before being accepted, but they cannot be ignored." *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017) (italics original). But even aside from the fact that self-serving testimony is still evidence, Bedford's testimony is not the only evidence that supports his defense. There is also the fact that for more than five years, Bedford made no payments and Fortune took no steps to collect the amounts it now

5

claims remained due and owing. This evidence is sufficient to support a finding that a genuine issue of material fact exists as to whether David Van Den Heuvel made statements that released Bedford from his obligations under the Promissory Note. And even if the court accepted Fortune's argument that an oral agreement cannot discharge Bedford's obligation as a matter of law, it would at least support an equitable argument that Fortune is estopped from collecting interest and penalty charges on the principal amount. For all of these reasons, there remains a genuine issue of material fact that precludes entry of summary judgment.

## CONCLUSION

For the foregoing reasons, Fortune's motion for summary judgment (Dkt. No. 10) is **DENIED.**

**SO ORDERED** this   23rd   day of August, 2019.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court