UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FORTUNE AVENUE, LLC,

        Plaintiff,

        v.                                                                               Case No. 18-C-1362

HOWARD BEDFORD,

        Defendant.

## DECISION AND ORDER

Plaintiff Fortune Avenue, LLC, filed an action in state court against Defendant Howard Bedford for the amount due on a Promissory Note in the original amount of $350,000 payable to Fortune that Bedford executed on October 11, 2011. Bedford removed the case to federal court asserting jurisdiction under 28 U.S.C. § 1332. After Fortune's motion for summary judgment was denied, the case was tried to the court on September 12, 2019. At the conclusion of the trial, the court found in favor of Fortune and directed the entry of judgment in Fortune's favor in the amount of $551,946.44. Fortune filed a motion for attorneys' fees on September 24, 2019. Bedford did not respond to the motion. On October 10, 2019, Bedford filed a motion to alter or amend judgment, requesting that the court amend the amount of the judgment to $321,530.84, the amount owed on the Note as of December 5, 2012. In his motion, Bedford asks the court to reconsider its rejection of his equitable estoppel defense. For the following reasons, Fortune's motion for attorneys' fees will be granted and Bedford's motion to alter or amend the judgment will be denied.

**ANALYSIS**

**A. Motion to Alter or Amend the Judgment**

Bedford brings his motion pursuant to Federal Rule of Civil Procedure 59(e). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). The purpose of a Rule 59(e) motion is to enable a district court to correct its own errors and thus avoid unnecessary appellate procedures. *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999).

On October 21, 2011, Bedford signed a Promissory Note pursuant to which he agreed to pay Fortune $350,000. Bedford's decision to sign the Promissory Note was born out of a business deal with Ron Van Den Heuvel that had gone awry. Bedford had previously signed a guaranty of a debt owed by Ron Van Den Heuvel to Stonehill Converting, LLC. With attorney's fees, the debt exceeded $1 million. In an effort to deal with troublesome creditors and to extricate himself from any and all business transactions and arrangements with Ron Van Den Heuvel, Bedford agreed to sign the $350,000 Note payable to Fortune, with the expectation that the funds and an additional $400,000 advanced by Fortune for Bedford's interest in a third company, Stonehill would be paid. Once Stonehill was paid the $750,000, the expectation was that Ron Van Den Heuvel would be able to finance his purchase of the EcoFibre facility and repay Bedford out of the proceeds.

Under the terms of the Note, Bedford was to make monthly payments of $10,000. After signing the Note, Bedford made five payments in 2012, amounting to $42,365.74. He made his last payment on July 31, 2012. Bedford received a number of reminder emails and requests for

payment from Dave Van Den Heuvel, the president of Van Den Heuvel Holding Company and an authorized agent of Fortune. Bedford did not receive an email from Dave Van Den Heuvel or any other person affiliated with Fortune regarding the Note after December 5, 2012.

Following December 5, 2012, Bedford claims it was his understanding that his obligations under the Note had been forgiven and therefore did not make any additional payments on the Note. Bedford claimed that he met with Dave Van Den Heuvel on December 5, 2012, and that Dave Van Den Heuvel told him not to worry about making more payments on the Note. Based on the evidence presented at the bench trial, the court concluded that there was not a forgiveness of the Note because Dave Van Den Heuvel had never agreed to forgive the note, had no authority to do so, and had no reason or obligation to do so. The amount allegedly forgiven was never written off by Fortune or claimed as income by Bedford. The fact that there were no further reminders or requests from Dave Van Den Heuvel to try to collect the money was not the result of a decision on the part of the company to discharge the debt. Instead, the court concluded, it was simply a change of strategy in how to collect the outstanding amount and when to collect it, based on Dave Van Den Heuvel's sympathy for the situation Bedford was in as a result of his dealing with Ron Van Den Heuvel, which Dave Van Den Heuvel had likewise experienced with his brother. It was also due to the fact that Dave and his businesses were focused on their own difficulties unraveling the financial difficulties in which Ron had immersed them.

On January 18, 2017, James Kellam, a bookkeeper who oversaw Fortune's finances, sent a renewal note to Bedford. Bedford did not receive the letter. On June 13, 2018, Fortune's counsel sent a letter to Bedford demanding payment on the Note, but Bedford did not reside at either of the addresses on counsel's letter. Bedford claims he did not receive notice of the letter until the commencement of this lawsuit.

3

In support of his Rule 59(e) motion, Bedford asserts that Fortune's inaction from December 5, 2012 to June 13, 2018 estops it from collecting interest accruing as of December 5, 2012. Under Wisconsin law, equitable estoppel consists of four elements: "action or non-action, (2) on the part of one against whom estoppel is asserted, (3) which induces reasonable reliance thereon by the other, either in action or non-action, and (4) which is to his or her detriment." *Vill. of Hobart v. Brown Cty.*, 2005 WI 78, ¶ 36, 281 Wis. 2d 628, 698 N.W.2d 83 (internal quotation marks and citations omitted).

For the reasons set forth on the record at the hearing, the court finds that the elements of equitable estoppel have not been satisfied here. Though Fortune concedes it did not attempt to contact Bedford regarding the outstanding debt from December 5, 2012 to January 18, 2017, inaction alone does not support a finding of promissory estoppel. In this case, Bedford has made no showing of detrimental reliance. Bedford claims that under past practice, Dave Van Den Heuvel would contact him directly and demand payment. Because Dave Van Den Heuvel did not contact Bedford after December 5, 2012, Bedford claims he reasonably relied on Fortune's silence and made no payments on the Note. The court found, however, that Dave Van Den Heuvel did not tell Bedford that the Note was forgiven. Even though Fortune representatives had sent notices and reminders requesting payment, they were not required to do so.

Moreover, the terms of the Note specifically warned that Fortune's failure to take action was not a waiver of any right thereunder. Under the terms of the Note, Bedford was to make monthly payments of $10,000, but he stopped making payments after July 31, 2012, months before the alleged forgiveness. The Note states: "Lender may waive any default without waiving any other subsequent or prior default by Maker." Exhibit 2. The Note further states: "Lender may also fail or delay exercising any right, power or remedy under this Note without waiving any

4

such right, power or remedy." *Id.* Bedford did not change his position to his detriment based in any way in reliance on Fortune's inaction to collect the debt as he was not making timely payments before Fortune's last request for payment. Accordingly, Bedford has not satisfied the elements of equitable estoppel and his motion for reconsideration is denied.

**B. Motion for Attorneys' Fees**

Fortune filed a motion seeking $22,015.00 in attorneys' fees incurred in this matter. Bedford's failure to file a brief in opposition to this motion is "sufficient cause for the Court to grant the motion." Civil L.R. 7(d) (E.D. Wis.). Having reviewed Fortune's application, the court concludes that its request for fees is reasonable. Accordingly, Fortune's motion for attorneys' fees is granted.

## CONCLUSION

For these reasons, Bedford's motion to alter or amend the judgment (Dkt. No. 38) is **DENIED**. Fortune's motion for attorneys' fees (Dkt. No. 33) is **GRANTED**. Fortune is entitled to $22,015.00 in attorneys' fees. Fortune is granted leave to supplement its fee request to reflect any additional fees incurred as a result of the motion to alter or amend the judgment within the next ten days. Bedford shall have ten days to object.

**SO ORDERED** at Green Bay, Wisconsin this 6th day of February, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court